NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2357-15T1

TRACY CORBISIERO,

 Plaintiff-Appellant,

v.

MARIE SCHLATTER,

 Defendant-Respondent,

and

ELAINE JAMISON,1 THOMAS J. GATTO,
ANTIQUES AND THINGS, INC., MARIE
SCHLATTER AGENCY, INC., and FARMERS
INSURANCE COMPANY OF FLEMINGTON,

 Defendants.

______________________________________

 Argued April 26, 2017 - Decided May 17, 2017

 Before Judges Fuentes, Carroll, and
 Farrington.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County, Docket No.
 L-3400-14.

 Patrick H. Cahalane argued the cause for
 appellant (Anglin, Rea & Cahalane, P.A.,

1
 Improperly pleaded as Elaine Johnson.
 attorneys; Mr. Cahalane, of counsel and on the
 brief).

 James J. Pieper argued the cause for
 respondent (Litvak & Trifiolis, P.C.,
 attorneys; Michael C. Trifiolis, of counsel
 and on the brief).

PER CURIAM

 Plaintiff Tracy Corbisiero appeals from the order of the Law

Division granting defendants Marie Schlatter's and Elaine

Jamison's motion for summary judgment and dismissing her personal

injury cause of action. After reviewing the record developed

before the motion judge and mindful of prevailing legal standards,

we affirm.

 Because the court dismissed plaintiff's complaint as a matter

of law, we will review the matter de novo, considering the facts

presented by the parties in the light most favorable to Corbisiero,

the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142

N.J. 520, 540 (1995); R. 4:46-2(c).

 This personal injury matter arises out of an accident which

occurred on June 9, 2013, when Corbisiero fell from a ladder as

she attempted to cut with an electric saw branches of a tree

located on the property adjacent to the building where she resided.

At the time of the accident, Corbisiero was a tenant in a mixed-

use building consisting of four apartments and one commercial

 2 A-2357-15T1
unit, owned by defendant Thomas Gatto.2 According to Corbisiero,

branches from trees growing on the adjoining mixed use property

owned by defendant Marie Schlatter extended onto the property

where she lived. Marie Schlatter's daughter, Elaine Jamison, was

a tenant without ownership interest in Marie Schlatter's property.

Marie Schlatter's son, David Schlatter, also resided with Marie

Schlatter and Jamison.

 Prior to the June 9, 2013 accident, twigs and branches from

trees located on the Schlatter property had fallen onto the Gatto

property. No property damage or injuries to persons had ever

resulted therefrom. In March 2013, Corbisiero requested David

Schlatter to cut down some of the branches extending over the

Gatto property, which he did. Approximately a month prior to the

accident, Corbisiero again requested David Schlatter to cut down

branches; this time, however, he told Corbisiero that he would do

it when he had the time.

 Approximately a week before the accident, unbeknownst to

Marie Schlatter, Corbisiero spoke to Gatto about cutting down some

2
 In her appellate brief, plaintiff stated the court entered
default judgement against Gatto on December 10, 2014, and against
defendant Antiques and Things, Inc., on August 18, 2014. Court
records show the claims against these two defendants were
administratively dismissed without prejudice pursuant to Rule
1:13-7(a) on April 15, 2016. Plaintiff settled her claims against
Farmers Insurance on October 13, 2014. Her complaint against this
defendant was dismissed with prejudiced on November 12, 2014.

 3 A-2357-15T1
of the overhanging branches. In her deposition, Corbisiero

testified that Gatto told Corbisiero that "if they grew over his

property . . . we were able to cut them down." Gatto advised

Corbisiero he would reimburse her for the purchase of a chainsaw

to be used to cut the tree limbs. Corbisiero purchased a chainsaw

and decided to cut down the branches herself. She did not ask

Gatto for assistance nor request that he hire a landscaper to do

the work.

 On the day of the accident, Corbisiero stood on a metal

stepladder she owned and proceeded to use the chainsaw to cut one

of the presumably overhanging tree branches. As Corbisiero

described in her deposition, the branch broke and fell in front

of her, striking the chainsaw causing her to fall over the top of

the ladder. Corbisiero testified that she fell to the ground,

landing on her face. Marie Schlatter testified at her deposition

that Corbisiero approached her before the accident and advised her

"I want to cut some trees." Marie Schlatter recommended that

Corbisiero "wait for David." No evidence was adduced that Marie

Schlatter knew that Corbisiero intended to ignore that advice, and

proceed to undertake the task herself.

 On or about June 2, 2014, Corbisiero filed a complaint, which

was amended on or about July 1, 2014. With respect to Marie

 4 A-2357-15T1
Schlatter, the amended complaint asserted a claim for negligence,

alleging Marie Schlatter:

 carelessly and negligently maintained,
 inspected, created and/or permitted a
 hazardous, dangerous, and defective condition
 to exist on their premises which extended onto
 the adjacent premises . . .[of which] the
 defendants knew or should have known . . . as
 a result of [which] the plaintiff . . . was
 caused to fall . . . .

 After hearing oral argument from counsel and considering the

evidence presented by the parties, Judge Robert Kirsch did not

find any legal grounds to hold Marie Schlatter and Jamison liable.

Judge Kirsch provided the following in his statement of reasons

attached to his order:

 The undisputed record shows that Ms.
 Schlatter did not personally request,
 participate in, or otherwise aid Ms.
 [Corbisiero's] cutting of tree branches. She
 also appears to have no knowledge of
 plaintiff's discussions and agreement with Mr.
 Gatto regarding same, and no evidence was
 adduced indicating she was aware of
 plaintiff's intent to get on a ladder and use
 an electric saw which she purchased with her
 landlord's approval. Instead, Ms. Schlatter
 counseled her to wait for her son, David, to
 cut down the branches as he had done so in the
 recent past. Therefore, the court finds that
 Ms. Schlatter owed no duty of care to Ms.
 Jamison on the basis of such actions.

 It is also undisputed that, at the time
 of the accident, Ms. Schlatter was the owner
 of the property adjacent to Mr. Gatto's
 property. Given the particular facts in the
 case at bar, however, the court finds no basis

 5 A-2357-15T1
 in the case law to impose a duty of care on
 Ms. Schlatter as landowner for any physical
 harm suffered by Ms. Corbisiero. When courts
 have imposed duties of care on landowners in
 relation to persons outside of the landowners'
 properties, the duties imposed have been
 purposefully limited in scope. [No]
 exceptions, however, encompass the instant
 case. Ms. Corbisiero was not on a public
 highway or right of way. She is not seeking
 relief for economic damages sustained as a
 result of tree branches falling and damaging
 her property.

 As we noted earlier, we review a trial court's grant of

summary judgment de novo. Cypress Point Condo. Ass'n v. Adria

Towers, L.L.C., 226 N.J. 403, 414 (2016). "[The] trial court's

interpretation of the law and the legal consequences that flow

from established facts are not entitled to any special deference."

Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995).

Summary judgment is appropriate where there is no genuine issue

of material fact and the moving party is entitled to judgment as

a matter of law. R. 4:46-2(c).

 In order to be found liable, Marie Schlatter must have

breached a duty of care to Corbisiero that proximately caused harm

to Corbisiero. A "[p]roximate cause consists of 'any cause which

in the natural and continuous sequence, unbroken by an efficient

intervening cause, produces the result complained of and without

which the result would not have occurred.'" Townsend v. Pierre,

221 N.J. 36, 51 (quoting Conklin v. Hannoch Weisman, 145 N.J. 395,

 6 A-2357-15T1
418 (1996)). "A superseding or intervening act is one that breaks

the 'chain of causation' linking a defendant's wrongful act and

an injury or harm suffered by a plaintiff." Komlodi v. Picciano,

217 N.J. 387, 418 (2014) (citation omitted).

 Corbisiero decided to carry out this ill-advised task. She

selected and procured the chainsaw, used her own stepladder, and

was not on Schlatter's property when she started to cut the tree

branches and ultimately fell. There is no evidence the tree

branches constituted a dangerous condition requiring immediate

attention. Under these circumstances, Schlatter did not create

the inherently dangerous condition that caused Corbisiero to fall

and injure herself. Rather, Corbisiero herself created the risk

that lead to her injury.

 We have considered Corbisiero's arguments on appeal in light

of the record and applicable legal principles. We affirm

substantially for the reasons expressed by Judge Kirsch in his

cogent and well-reasoned statement of reasons attached to his

order. We add the following comments.

 Corbisiero argues that Burke v. Brigg, 239 N.J. Super. 269,

275 (App. Div. 1990) holds a property owner may be held liable

based upon nuisance or strict liability for damages caused by a

tree. Corbisiero’s reliance on Burke is misplaced. In Burke, the

plaintiffs sought nuisance damages from the owner of an adjoining

 7 A-2357-15T1
property when a large white oak tree "suddenly fell over onto the

[plaintiffs'] property, causing extensive damage to their garage."

Id. at 270. This court adopted the private nuisance standard in

Restatement (Second) of Torts § 821 D (1979), at 100, and held:

 § 822 General Rule.

 One is subject to liability for a private
 nuisance if, but only if, his conduct is a
 legal cause of an invasion of another's
 interest in the private use and enjoyment of
 land, and the invasion is either

 (a) intentional and unreasonable, or

 (b) unintentional and otherwise actionable
 under the rules controlling liability for
 negligent or reckless conduct, or for
 abnormally dangerous conditions or
 activities.

 [Id. at 272-273].

 The Supreme Court approvingly cited Burke in Ross v. Lowitz,

222 N.J. 494, 510 (2015). Here, Corbisiero did not file a private

nuisance cause of action based on the elements adopted by the

Court in Ross. Her claim for damages was explicitly and

exclusively based on the tort of negligence. However, as this

court noted in Burke:

 [T]he focus in this case should be on whether
 this defendant was negligent in not making a
 reasonable use of his property. Such a
 determination merits a consideration of the
 various attendant circumstances and factors
 such as, the nature of the incident, the
 danger presented by the presence of the tree,

 8 A-2357-15T1
 whether [the defendant], by making
 inspections, could or should have known of its
 condition, what steps he could have taken to
 prevent it from falling onto plaintiffs'
 property, etc.

 [Burke, supra, 239 N.J. Super. at 273-75
 (citations omitted)].

 Taking into account the attendant circumstances here, there

is no evidence Marie Schlatter was either negligent nor making

unreasonable use of the property, particularly in light of the

fact that the tree in question did not fall or cause damage to

person or property prior to Corbisiero's actions. The undisputed

material facts show Corbisiero unilaterally decided to undertake

the course of conduct that created the dangerous condition that

cause her to fall and injure herself.

 Affirmed.

 9 A-2357-15T1